IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -4 P 1: 53

CLERK _____

LAMONTE TAYLOR,

        Plaintiff,

    vs.

GEORGIA DEPARTMENT OF
CORRECTIONS; HUGH SMITH,
Warden; LISA JOHNSON; P.A.
CHEATAM; MEDICAL COLLEGE
OF GEORGIA, and JIM
WETHERINGTON,

        Defendants.

CIVIL ACTION NO. CV605-004

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983 contesting his medical treatment during his confinement. Defendants Wetherington, Smith, and Johnson ("Defendants") filed a Motion for Summary Judgment (Doc. No. 58).[1] Plaintiff filed a Response (Doc. No. 61). For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendants and other GSP officials have been deliberately indifferent to his medical needs. From approximately March 3 to July 18, 2003, Plaintiff claims Defendants denied him medical treatment and did not address his complaints.

---

[1] Defendant Cheatam filed a separate motion for Summary Judgment (Doc. No. 52) and it is addressed in a Report and Recommendation of even date.

AO 72A
(Rev. 8/82)

Defendants generally deny Plaintiff's allegations that they were deliberately indifferent to Plaintiff's medical needs. Defendants state that throughout his incarceration, Plaintiff has received consistent medical care and treatment for his medical concerns. Defendants contend that Plaintiff's medical conditions have remained unchanged and that he has not been exposed to any serious risk of harm. Defendants aver that Plaintiff's allegations are based upon "an unrealistic expectation of cure." (Doc. No. 59, p. 2.)

### STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no

2

genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

### I.    Respondeat Superior

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendant Wetherington, Commissioner of the Georgia Department of Corrections, and Defendant Smith, GSP's Warden, contend that Plaintiff seeks to impose liability

3

against them solely on the basis of their supervisory roles.  Defendants Wetherington and Smith aver that Plaintiff fails to demonstrate a "causative link" between their supervisory role and any alleged denial of Plaintiff's constitutional rights.  (Doc. No. 59, p. 24.)

In his Complaint (Doc. No. 1), Amended Complaint (Doc. No. 15), and Response to Motion for Summary Judgment (Doc. No. 61),[2]  Plaintiff does not assert any direct or causative allegations against Defendant Wetherington or Smith related to his medical treatment.  Plaintiff contends that Defendant Smith was aware of his treatment because of the grievance he filed.  (Doc. No. 15, p. 8.)  Further, Plaintiff's deposition indicates that he sued Defendant Smith because "[as] warden, he's over [Plaintiff's] care and treatment." (Doc. No. 51, 38-39.)  Similarly, Plaintiff stated that he sued Defendant Wetherington because "he is over [Defendant] Hugh Smith" and "he is his superior" (Doc. No. 51, p. 47.)

Plaintiff's statements indicate that his claims against Smith and Wetherington are based solely on a theory of respondeat superior.  Defendants Smith and Wetherington did not have a direct role in Plaintiff's treatment.  Defendant Smith adequately investigated Plaintiff's claims and did not find evidence to substantiate them.  (Doc. No. 58, Ex. 1.) Further, there is no evidence of record supporting widespread abuse that would establish a causal connection to Defendants Wetherington or Smith.  Accordingly, Defendants Wetherington and Smith's Motion for Summary Judgment should be granted.

II.    **Plaintiff's Eighth Amendment Claim Against Defendant Johnson.**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to

---

[2] Plaintiff has titled his Response to Motion for Summary Judgment as "Rebuttal."

4

AO 72A
(Rev. 8/82)

guarantee the safety of prison inmates.  This duty to safeguard also embodies the principle expressed by the Court in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994).

Like any deliberate indifference claim, the <u>Estelle</u> analysis incorporates both an objective and a subjective component.  <u>Hill v. DeKalb Reg'l Youth Detention Ctr.</u>, 40 F.3d 1176, 1186 (11th Cir. 1994).  The objective component is "contextual and responsive to 'contemporary standards of decency.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting <u>Estelle</u>, 429 U.S. at 103, 97 S. Ct. at 290).  Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'."  <u>Hill</u>, 40 F.3d at 1186 (quoting <u>Hudson</u>, 503 U.S. at 9, 112 S. Ct. at 1000).  In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  <u>Hill</u>, 40 F.3d 1187 (internal citations omitted).  As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference."  <u>Hill</u>, 40 F.3d at 1186 (quoting <u>Mandel v. Doe</u>, 888 F.2d 783, 788 (11th Cir. 1989)).  To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain.  <u>Adams v. Poag</u>, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

5

Defendant Johnson[3] denies that she withheld medical treatment from Plaintiff or committed a constitutional violation.  Defendant Johnson contends that she investigated Plaintiff's allegations and found nothing to substantiate his claims.  Plaintiff alleges that Defendant Johnson ignored Plaintiff's complaints and as a result, he did not receive his necessary medication. (Doc. No. 15, ¶ 30.)

Affidavits submitted by Dr. Jones and Defendant Cheatam reveal that Plaintiff received appropriate care and treatment.  Plaintiff's affidavit makes no specific statement regarding Defendant Johnson's actions.  According to her job description, Defendant Johnson's responsibilities appear to be primarily administrative (See Doc. No. 59, Ex. A.) Significant to Plaintiff's treatment, Defendant Johnson's affidavit states that she is not permitted to prescribe medication or alter Plaintiff's course of treatment.  (Doc. No. 59, Att. 1, ¶ ¶ 8 and 10.) Defendant Johnson oversees the operations and logistics of the medical clinic, including staffing. (Id. at ¶ 1.) Although Plaintiff claims that Defendant Johnson did not investigate his complaints, Plaintiff provides no proof that Defendant Johnson did not complete her assigned duties.  Defendant Johnson's affidavit states that she investigated Plaintiff's complaints and found no evidence to substantiate his claims.  (Id. at ¶ 5.) It appears that Plaintiff's primary reason for asserting his claim is based on Defendant Johnson's supervisory role.  (See Doc. No. 15, p. 4.) As discussed above, a Plaintiff's claim for relief against a supervisor must be based on more than a theory of respondeat superior. See Brady, 133 F.3d at 801.  Plaintiff fails to demonstrate a genuine issue of

---

[3] Defendant Johnson married, took the last name Waters, and has since resumed the use of her maiden name.  Her affidavit is entitled "Affidavit of Lisa Waters." (Doc. No. 59, Att. 3.)

AO 72A
(Rev. 8/82)

material fact regarding Defendant Johnson's deliberate indifference to his serious medical needs; thus, Defendant Johnson's Motion for Summary Judgment should be granted.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Motion for Summary Judgment (Doc. No. 58) filed by Defendants Wetherington, Smith, and Johnson be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this __4th__ day of October, 2005.



JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7