

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LAMONTE TAYLOR,

    Plaintiff,

vs.

GEORGIA DEPARTMENT OF
CORRECTIONS; HUGH SMITH,
Warden; LISA JOHNSON; P.A.
CHEATAM; MEDICAL COLLEGE
OF GEORGIA, and JIM
WETHERINGTON,

    Defendants.

CIVIL ACTION NO. CV605-004

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections. In his Objections, Plaintiff argues that Defendants[1] were deliberately indifferent to his serious medical needs and did not appropriately treat his ulcerative colitis. Plaintiff also contends that Defendants hindered his access to the courts by denying access to legal materials at Georgia State Prison ("GSP"). Plaintiff avers that defense counsel failed to make any arguments on behalf of Dr. Jones and the Medical College of Georgia.

The Magistrate Judge correctly determined that claims against Defendants Wetherington, Smith, and Johnson should be dismissed based on Plaintiff's inappropriate application of respondeat superior. The Magistrate Judge also correctly concluded that

---

[1] Plaintiff's Objections do not refer to specific Defendant(s). The Court construes any reference to "Defendants" to include all Defendants, including Defendant Cheatam, who filed a separate Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

Plaintiff's allegations against Defendant Cheatam were unsupported by the evidence of record and did not substantiate a claim of deliberate indifference.

Plaintiff's new allegations regarding his denial of access to the courts are also unavailing. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). However, Plaintiff has simply asserted bare accusations without providing specifics in his Complaint, affidavit, or supporting documentation to validate these claims.

Plaintiff's assertions regarding Dr. Jones and the Medical College of Georgia are without merit. In her Order dated December 23, 2003, Magistrate Judge Janet King granted Plaintiff leave to amend his Complaint and add Defendants Johnson, Cheatam, and the Medical College of Georgia.[2] Magistrate Judge King did not grant leave to add Dr. Jones as a Defendant; thus, Dr. Jones was never served. (See Doc. No. 14; Doc. No. 32, p. 2.) In addition, although Magistrate Judge King allowed Plaintiff to add the Medical College of Georgia as a Defendant, in an Order discussing Plaintiff's Motion for Default Judgement, the Honorable Marvin H. Shoob determined that the Medical College of Georgia did not file a waiver of service of summons and no proof of service as to the Medical College of Georgia existed. (Doc. No. 32, p. 3.) The Court's docket reveals that there is no evidence that the Medical College of Georgia was properly served.

---

[2] Plaintiff's case originated in the Northern District of Georgia. Defendants Smith, Johnson, and Wetherington filed a Motion for Change of Venue. (Doc. No. 39.) In an Order dated January 7, 2005, The Honorable Marvin H. Shoob ruled that Plaintiff's case should be transferred to the Southern District of Georgia in the interest of justice, as well as for the convenience of the parties and witnesses.

Plaintiff's Objections are without merit. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The Motions for Summary Judgment filed by Defendants Cheatam, Wetherington, Johnson, and Smith are **GRANTED**.

SO ORDERED, this _13_ day of _January_, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)